## C. L. CHURCH'S ADM'R v. THOS. H. McLEOD.

### Conditional Sale.  Lien.  Trover.

Where one without notice purchases personal property on which there is a valid recorded lien, of a conditional vendee and sells it, he is liable in an action of trover.

TROVER.  Trial by court, June Term, 1885, VEAZEY, J., presiding.  Judgment for the plaintiff.

The defendant bought the heifer, or cow, of one Mrs. Dickinson, on the 6th day of June, 1879, and paid for her. At this time, but without the knowledge of the defendant, C. L. Church, since deceased, had an unpaid, duly recorded lien on the heifer to the amount of $22.  A note had been given with a lien, February 8, 1878, payable the next December.  The note had been partly paid.  The lien was: " The six calves, for which this note is given, are to be Church's until paid for."

*Thos. H. McLeod*, for the defendant.

The contract between Church and Mrs. Dickinson was simply a bargain and sale.  *Ballard* v. *Burgett*, 40 N. Y. 314.

A note being given for the purchase price of the creatures, the title as well as the possession vested in the vendee.  *Noel* v. *Murray*, 13 N. Y. 167; *Wait* v. *Green*, 36 N. Y. 556; Rob. Dig. 624; *Taylor* v. *Finley*, 48 Vt. 78.

Church extended the time of payment, and thereby waived the terms of the sale.  *Parker* v. *Baxter*, 86 N. Y. 586.

*A. P. Tupper*, for the plaintiff.

The opinion of the court was delivered by

Ross, J.  By the contract of February 8, 1878, the title

to the heifer in controversy remained in the intestate until it was paid for.  Until such payment the conditional purchaser acquired no title to any of the property embraced in the contract.  The record of the contract in the town clerk's office agreeably to the requirements of the statute was constructive notice of its terms to the defendant. When he bought and sold the heifer in controversy, in legal contemplation, he bought and sold her knowing she was the property of the intestate.  By such sale, he so far assumed the control over her, wrongfully, as to render himself liable for her conversion in an action of trover.  These are elementary principles of the law, and it is needless to cite authorities to support them.

The judgment of the County Court is affirmed.