Greenwood LeFlore *v.* H. F. Miller et al.

1. Conditional Sale. *Replevin for property. Tender of amount due. Case in judgment.*
   L. conditionally sold a mule to W., retaining title till the purchase-money should be paid. N. & M., a mercantile firm, assumed the debt of W. to L. and took a deed of trust on the mule. L. took possession of the mule to secure the unpaid purchase-money. The trustee in N. & M.'s deed of trust then came and took the mule out of the possession of L., who sued out a writ of replevin and obtained a judgment for the mule before a justice of the peace. Thereupon the trustee paid the accrued court costs and tendered L. the unpaid purchase-money, which L. refused. The defendants appealed to the circuit court, and there tendered into court the unpaid purchase-money for the mule. That court adjudged the possession of the mule to the defendants, and also costs after the first tender. *Held,* that the judgment of the lower court is correct, the right of the plaintiff to possession of the mule having been terminated by the tender.

2. Same. *Replevin. Right of third person to possession. Effect as to plaintiff.*
   In the above-stated case the rights of L., the plaintiff, are not strengthened by the fact, if it be true, that the defendants are not entitled under their deed of trust to the possession of the mule, as against the grantor therein.

Appeal from the Circuit Court of Grenada County.

Hon. A. T. Roane, Judge.

In 1884 Greenwood LeFlore sold conditionally a mule to Scott Withers, retaining the title thereto until the purchase-money should be paid. In 1885 there was still due on the mule twenty-nine dollars and seventy-eight cents, when Scott Withers induced the mercantile firm of Neal & Miller to assume this debt, and executed a deed of trust on the mule to Guy Hill, trustee for Neal & Miller. In the spring of 1885 and after the execution of this deed of trust, Neal & Miller failed in business and were unable to

furnish Scott Withers with supplies. LeFlore, his landlord, did so furnish him until the close of the year, at the end of which time Withers was indebted to LeFlore in the sum of one hundred and thirty-seven dollars, and the latter took possession of the mule. In 1886 Guy Hill, the trustee, took the mule out of the possession of LeFlore, claiming it under the deed of trust. LeFlore brought this action of replevin against Guy Hill, trustee, and Mrs. H. F. Miller, who seems in some way to have succeeded to the rights of Neal & Miller, to recover possession of the mule. The justice of the peace found for the plaintiff. Thereupon, the defendants paid the accrued court costs and tendered to the plaintiff the amount of purchase still due on the mule, which the plaintiff declined to receive. The defendants then appealed to the circuit court, where, during the trial of the case, they tendered into court the unpaid purchase-money. That court then instructed the jury to find for the defendants, and adjudged the costs that accrued after the first tender against the plaintiff. The plaintiff appealed.

*Slack & Longstreet*, for the appellant.

The question in replevin is the right to immediate possession. If Miller had the best claim to the mule he could not hold it under this proceeding, because LeFlore was in the rightful and peaceable possession of the mule, and refused to surrender it to Guy, the trustee. It was then upon Guy or Miller to resort to law for the assertion of their claim to the mule. We presume this proposition needs no authority to bear it out—that one who has a superior claim to personal property in the peaceable possession of another can't wrongfully take it, but if possession is refused, must resort to replevin or other legal means or remedies to recover.

The mortgage given by Scott was conditional—if Neal & Miller paid LeFlore—and it was upon these conditions that it was given. Having failed to do this, they can't recover upon it. One who is forced to make advances to protect himself, as LeFlore was, is entitled to be first paid out of the crop, notwithstanding the deed in trust to the party first undertaking to furnish supplies, etc. *Isadore Strauss, Trustee*, v. *Henry F. Bailey*, 58 Miss. 131.

Scott never had the legal title to convey. The mule was to be his

upon his paying purchase-money in full. To protect the common interest of all concerned, LeFlore made advances to Scott of some one hundred or more dollars after the failure of Neal & Miller in 1885. If Neal & Miller had any right at all to pay off LeFlore and take the mule under their deed in trust, it was subject to LeFlore's superior claim of one hundred and thirty-seven dollars, the amount Scott owed for the balance on the mule, and for supplies after the failure of Neal & Miller.

We submit that Neal & Miller's claim was of such a nature as a court of equity and not law was their proper forum.

*W. C. McLean,* for the appellees.

The effect of the contract between LeFlore and Scott Withers was to leave the right of property in the seller and to give the right of possession to the purchaser until default made in the payment. Coupled with this right of possession was *also the right* of the purchaser to obtain title by the payment of the price. *Duke* v. *Shackleford,* 56 Miss. 554. Guy Hill, the trustee in the deed in trust, had the right to pay the balance of the purchase-money and thus perfect the title in Withers. He was subrogated to the rights of Withers. All that LeFlore had any right to claim as against any one was the balance of the purchase-money, and this he obtained, or rather this was tendered to him. The fact that the tender was made after the institution of the suit makes no difference, the costs having been paid. *Helm* v. *Gray,* 59 Miss. 54. In this case, the court say, p. 59 : " It is settled in the actions mentioned (*i. e.,* replevin and detinue) it is admissible to inquire into the state of the title at the trial (Wells on Replevin 496), and the rule is general in all actions that the plaintiff must have the right to recover at the commencement of his suit *and at the trial.*"

The effect of the tender of the amount due was to divest LeFlore of any title and interest in the mule.

Cooper, C. J., delivered the opinion of the court.

The right of the plaintiff to the possession of the mule was terminated by the tender of the purchase-money due and the pay-

ment of the costs of suit which had accrued up to the time of tender.

There is nothing in the record showing any lien upon the mule to secure advances made to the owner, and the defendant by virtue of his deed of trust was entitled to its possession subject alone to the claim of the seller for the unpaid purchase-money. The action was rightly instituted by the plaintiff, but after tender of the full sum due to him and the payment of accrued costs its further prosecution was wrongful, and the court below properly instructed the jury to find for the defendant, and properly awarded judgment against the plaintiff for the costs accruing after the tender. The plaintiff must have a right of possession not only at the institution of a suit but also at its termination. *Helm* v. *Gray,* 59 Miss. 54.

The plaintiff having shown no other right to the possession of the property than that arising from the terms of the conditional sale, and this right having been destroyed by tender of the purchase-money, cannot recover upon the ground that the mortgage under which the defendant claims was a conditional one, for if that be conceded it would only show that the owner and not the plaintiff is entitled to possession.

*The judgment is affirmed.*