CHARLES L. GORHAM *vs.* AARON B. HOLDEN.

Cumberland. Opinion March 22, 1887.

*Lease of piano. Conditional sale. Waiver.*

By a written agreement between G and B dated December 5, 1872, G agreed to lease to B a piano for two hundred dollars in advance, and fifty dollars thereafter quarterly, with interest at seven and three-tenths per cent; and G further agreed that when five hundred dollars had thus been paid for the use of the piano, he would give B a bill of sale of it. The agreement gave G authority to enter any dwelling of B and take and carry away the piano upon failure of any payments. The advance payment was then made and the

piano delivered. After that payments were made from time to time until October 9, 1874, when all the payments aggregated five hundred dollars. B continued in the undisturbed possession of the piano until her death in June, 1884. No claim of title nor demand for further payment was ever made upon her by G.

*Held* in an action of trover by G against B's executor that the pretended lease was a conditional sale, and if it was a sale upon a condition precedent, the condition had been waived in B's lifetime.

ON report from superior court.

*E. S. Ridlon* for plaintiff.

The sum and substance of defendant's brief is based upon the assumption, that the performance of the condition of the sale was waived by the vendor. We say assumption, because there is nothing in the case upon which to base a waiver, unless indeed, it be that plaintiff's indulgence to Mrs. Barnes, permitting her to continue in possession of the piano, without having paid for it, for so long a time operates as a waiver of all his rights under the agreement. But does that alone amount to a waiver? Waiver is the intentional relinquishment of a known right. *Dey* v. *Martin,* 16 Reporter, 443; 32 Conn. 21.

Mere silent acquiescence does not amount to a waiver. *Adams* v. *One Knob Copper Co.* U. S. C. C. 12 Reporter, 166.

A party shall not be allowed to insist upon a forfeiture arising from non-performance which is the result of his own acts. *Haynes* v. *Fuller,* 40 Maine, 169.

*Symonds and Libby and A. B. Holden,* for the defendant, cited: *Murch* v. *Wright,* 46 Ill. 487; *Hervey* v. *R. I. Locomotive Works,* 93 U. S. 664; Benjamin, Sales, § 566; *Carleton* v. *Sumner,* 4 Pick. 516; *Upton* v. *Sturbridge Cotton Mills,* 111 Mass. 446.

HASKELL, J. Trover for a piano.

The plaintiff pretended to lease to the defendant's testatrix a piano of the stated value of five hundred dollars, for the term of three months upon a cash payment of two hundred dollars, and so long thereafter as payments of fifty dollars should be made at the end of each ensuing three months, until the full sum of five hundred dollars should be paid with interest at seven and three-

tenths per cent, when the testratrix should receive a conveyance of the piano.

The testatrix, at the date of the pretended lease Dec. 15, 1872, paid two hundred dollars and received the piano. Installments were endorsed upon the pretended lease until Oct. 9, 1874, when together with the first payment they aggregated five hundred dollars. The testatrix retained the piano until her death in June, 1884, nearly ten years, without any request by the plaintiff, either for payments of interest, or for surrender of the piano. That came to the defendant as executor of the supposed vendee, and after demand for the same by the plaintiff, the defendant sold it for one hundred twenty-five dollars.

The pretended lease contains all the necessary stipulations of a conditional sale. The price and when and in what installments the same was to be paid are all stipulated, and the property sold was delivered to the vendee to become hers when she had fully paid for the same. The sale may have been upon condition precedent, but that the plaintiff could waive, if he saw fit; whether he has done so is a question of fact to be determined from the evidence in the case; *Farlow* v. *Ellis*, 15 Gray, 229; and if the condition has been waived, the title has passed to the vendee. *Seed* v. *Lord*, 66 Maine, 580; *Stone* v. *Perry*, 60 Maine, 48; *Whitney* v. *Eaton*, 15 Gray, 225.

For nearly ten years after the plaintiff had received the full price for his piano, he allowed the vendee to retain it without requesting the payment of interest, or pretending any title to it, and not until after the death of the vendee, did he make any claim to the same. Considering that indorsements were made by the parties upon the agreement between them without any mention of interest, and that the stipulated price of the piano had been fully paid for so long a period prior to the vendee's death, during which time she was allowed to retain it without any suggestion from the plaintiff that it was not hers, the conclusion is irresistible, that both parties must have understood that any condition in the agreement requiring payments to vest the title to the piano in the vendee had been waived by the plaintiff; and the court is satisfied that the waiver has been

proved, and that the title to the piano came to the defendant as executor of the vendee.

*Judgment for defendant.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.