Daly, J.
The defendants in their written argument expressly agreed to pay $127.50 for the safe which they ordered to be sent to them, and as the safe was sent and •defendants refused to receive and pay for it, I cannot see ■any objection to the recovery of the price. The fact that it was also stipulated in the same written agreement that the title to the safe should not pass until the whole price was paid, cannot affect plaintiff’s right to recover upon the express agreement to pay, because the latter is an independent -stipulation.
The fact that the price was to be paid in instalments, .$10 down and $10 per month, does not affect the right of recovery. The same written agreement provides that all the instalments shall become due upon default in paying one; and the option given thereupon to the plaintiff to remove the safe does not cancel the obligation to pay them when they so become due.
It hardly seems necessary to cite authorities in support of the claim made by the plaintiff. The agreement to pay is enforceable in the same way that a promissory note would be, if the promise to pay for the safe had been contained in •such an instrument, instead of in this contract. It would be no defense to the note to say that the vendors and vendees had expressly stipulated that the title to the safe •should not pass until the same was paid. Parties have the right to make any agreement they please, so long as they •do nothing in violation of law. They might have agreed ¡that the possession as well as the title of the safe should be "in plaintiff until the price was paid, and if there was an express agreement to pay the price it would be recoverable, -because that would be the contract.
A. Edward Woodruff for the plaintiff and appellant.
In such a case as this the vendor has the choice of either one of three methods to indemnify himself. (1) He may .treat the property as belonging to the defendant and sue him for the entire purchase price. (2) He may sell the property, acting as agent for this purpose of the vendee, and recover the difference between the contract price and the price obtained at the sale. (3) He may keep the property as his-own and recover the difference between the market price at the time and place of delivery and the contract price (Mason v. Decker, 72 N. Y. 595; Dustan v. McAndrew, 44 Id. 72; Donnell v. Hearn, 12 Daly, 230; Higgins v. Murray, 73 N. Y. 252; Beckwith v. Brackett, 97 Id. 52 Blewett v. Baker, 58 Id. 611; Bement v. Smith, 13 Wend. 493; Crookshank v. Burrell, 18 Johns. 57; Hayden v. Demets, 53 N. Y. 426, 431; Hunter v. Wetsell, 84 Id. 549, 555; Bridgford v. Crocker, 60 Id. 627; Shawhan v. Van Nest, 25 COh. St. 490; Ballentine v. Robinson, 46 Penn. St. 177; Muckey v. Howenstine, 3 Super. Ct. (T. & G.) 28; Pearson v. Mason, 120 Mass. 53; Benjamiin on Sales [3 Am. ed.] 751, note “s”). The defendants claim that as-they had not accepted the safe they-could not be held on the contract, is untenable (Higgins v. Murray, 73 N. Y. 252). The same may be said as to their contention that an action for the contract price will not lie (Donnell v. Hearn, 12 Daly, 230). In answer to the objection by the defendants-that the plaintiff having sued for the full amount cannot-recover a less amount, viz.: the instalments due at the commencement of the action, it is submitted that under our system of practice a plaintiff is not to be turned out of court, especially a district court, because he claims too much or something which the court does not think him entitled to under the contract (Code Civ. Pro. § 1207; Durand v. Hankerson, 39 N. Y. 287; Marquat v. Marquat, 12 Id. 336; Wright v. Hooker, 10 Id. 5). The courts will enforce that clause in the contract which provides that “in the event of failure to pay any of said instalments or notes-when the same shall become due, then all of said instalments or notes remaining unpaid shall immediately become due” (Bennett v. Stevenson, 53 N. Y. 508; Malcomb v. Allen, 49 Id. 448; Ferris v. Ferris, 28 Barb. 29). It is-competent for parties on an executory contract for the sale of personal property to provide in their agreement where and in what event the title shall rest in the vendee (Cornell v. Clark, 104 N. Y 451). And effect must be given to-every part of the contract if possible (Chitty on Contracts, 70; Ward v. Whitney, 8 N. Y. 442,446). While it is insisted that acceptance of the safe by the defendants was not necessary to give the plaintiff a right of action for the price as .agreed in the contract of purchase, the facts in the case show that which in law is equivalent to acceptance. The retention of the title by the vendor of the manufactured articles .as security for the payment of the agreed price does not prevent the vendor from suing for and recovering the price ns fixed by the contract between the parties (Hayden v. Demets, 52 N. Y. 426).
*186 I am in favor of a re-argument or of permitting an appeal to the court of appeals.
Vast Hoesen, J., concurred.
Larremore, Ch. J., dissented.*
The cause then came on for re-argument. .
S. A. Emanuel for the defendants and respondents.
The only question presented on this appeal is: can a vendor retain title to a chattel and bring an action for goods sold nnd delivered ? The agreement made between the parties was an executory contract of sale and nothing more. Under such agreement the title is in the vendor, and he cannot recover the contract price as in the case of an absolute sale. The purchaser merely has the right of possession and use of the chattel as bailee of the vendor (Herring v. Hoppock, 15 N. Y. 409; Bullard v. Burgett, 40 Id. 314; Austin v. Dye, 46 Id. 500; Boone v. Moss, 70 Id. 465; Bean v. Edge, 84 Id. 510).
Per Curiam.
In granting the re-argument of this appeal .Justice Daly delivered the following opinion : [Then follows the opinion already given above, p. 185]. This opinion is satisfactory to us, and we are willing to adopt it as our -decision of the question presented by this appeal.
This leads :to a reversal of the judgment, with costs to abide the event.*
*189 Note on Instalment Sales.
I. Nature and Validity of the Contract.
The rights of the parties to sales of personal property in the mode usually known now as sales on the instalment plan,, turn on the principle, established in the law of this and many other States, that a purely executory contract of sale, which stipulates that the title shall remain in the' seller even after-delivery, until the price be fully paid, does, not, until full payment, give the buyer a right to sell or pledge to others ; and that in the meantime even a bona fide purchaser from such buyer gains no title as against the original seller.
Such a contract must be distinguished on the one hand from a transfer of title with possession subject to the seller’s right to retake on default in payment, and on the other hand from a transfer intended to put it in the power of the buyer to deal with the merchandise in question as apparent owner, clothed with the usual paper evidences of title.
The leading cases in this State on this general principle- and its limits are Ballard v. Burgett, 40 N. Y. 314; aff’g 47 Barb. 646 (the subsequent history of which is traced in Abb. Cas. Crit. 38, and supportable, 7); and Rawls v. Deshler, 4 Abb. Ct. App. Dec. 12; aff’g 1 Shield. 48; s. c., 28 How. Pr. 66 (the following of which is traced in Abb. Cas. Crit. 647). See also Wait v. Green, 36 N. Y. 556; aff’g 35 Barb. 585; 62 Id. 241 (as to which see citations in Abb. Cas. Crit. 809).
Such a condition that title shall not pass until payment, is: valid (except as against bona fide purchasers for value in the case of merchandise such as is bought to be resold) ; and under it the buyer is a mere bailee, so far as his dominion over' the chattel is concerned.
The importance of the case in the text is in holding, after-very thorough discussion, that he is liable on his absolute-promise to pay, as if he were an absolute purchaser.
The cases on this class of sales are as follows:
In the absence of fraud an agreement for a conditional sale payable in instalments is good and valid, as well against third persons as against *190 ■parties to the transaction. “ Hence the original seller may recover the value of the chattel from one who purchased it from such conditional buyer. Harkness v. Russell, 7 Supm. Ct. Rep. 51 (containing a full Teview of the authorities); s. p., Kirby v. Tompkins (Ark. 1887), 3 Southw. Rep. 363; s. c., in note, p. 166, of 4 Southw. Rep.; Simpson v. Shackelford (Ark. 1887), 4 Southw. Rep. 165 (replevin by vendor against innocent purchase from vendee sustained); s. p., Jackson Sharpe Co. v. Holland, 14 Fla. 384; McRae v. Merrifield (Ark. 1887), 2 Southw. Rep. 780; Redewill v. Gillen (New Ter. 1887), 12 Pacif. Rep. 872; De Saint Germain v. Wind (Wash. Ter. 1887), 13 Pacif. Rep. 753; Marquette Manf’g Co. v. Jeffery, 49 Mich. 283; s. c., 13 Northw. Rep. 592; Budlong v. Cottrell, 64 Iowa, 234; s. c., 20 Northw. Rep. 166.
But where it is clear from the whole transaction that for all practical purposes the ownership of property was intended to be transferred, .and that the seller only intended to reserve a security for the price, any characterization of the transaction by the parties, or any mere denial of its legal effect, will not be regarded. Hayne, C., in Palmer v. Howard, 72 Cal. 293; s. c., 13 Pacif. Rep. 858 (reversing judgment for delivery of possession against an innocent purchaser from vendee, it being clear from the contract that an absolute sale was intended).
The nature of such contracts can be best illustrated by considering some of the most usual forms which they have assumed.
I. The Form of the Contract.
1. Express sales.
In Ex parte Crawcour, L. R. 9 Ch. Div. 419, a furniture dealer let R. have a lot of furniture upon his paying £10 in cash and signing an agreement to pay £5 per month (for which notes were given) until the whole price of the furniture should be paid; and when all the instalments were paid, and not before, the furniture was to be the property of R.; but if he failed to pay any of the instalments, the owner was authorized to take possession of the property and all .prior payments actually made were to be forfeited. Held, reversing the decision of the registrar that the property did not pass by this agreement, and could not be taken as R.’s property by his trustee under a liquidation proceeding. Followed in Crawcour v. Salter, L. R. 18 Ch. Div. 80.
S. gave N. a written promise, that on the payment of certain sums, he would give a bill of sale of a canal-boat, providing it should not be construed as giving N. any right in the boat, except to' use it, until all the payments should be made; and, on default in payment, S. might *191 take possession and sell "it, and pay the balance due, after deducting the purchase-money and expenses' of sale, to N.; and N. accordingly took possession under the paper. Held, that this was a sale on condition, and not an absolute sale and a mortgage back. Brewster v. Baker 20 Barb. 364; s. p., Grant v. Skinner, 21 Id. 581.
Plaintiff’s sold and delivered a threshing machine to-K. upon the «conditions:
1. That the title, ownership or possession of the machine should not pass from them to K. until the notes given for the purchase price should be paid in full.
2. That plaintiff’s should have the power to declare the notes, so given, due at any time they should deem the debt insecure, and to sell the machine at public or private sale and apply the proceeds upon the ■unpaid balance of the purchase price.
Held, in an action by vendor against sheriff for levying on the machine as the property of the vendee: 1. That under the first condition the property in the machine did not pass to K. until he had paid the purchase price.
2. That the right to sell the property and apply the proceeds, as provided in the second condition, did not divest the sellers of their Tight of property reserved in the first condition. Call v. Seymour, 40 Oh. St. 670.
Sale to retailer.] As a general rule, where the owner of personal property sells and delivers it to a purchaser, who buys, not for the purpose of consumption or re-sale, but for his own use, for an agreed price, payable at a future time, on the express condition and agreement that the title shall remain in the vendor until the price is paid, the condition is valid and the original vendor will hold it as against a purchaser from his vendee; but when the purpose of the sale is that the goods may be re-sold, as when a manufacturer sells to a retail dealer, the rule is .otherwise. Winchester Works & Manuf’g Co. r. Carman (Bid. 1887), 3 Northeast. R&p. 707 (affirming judgment for defendant in replevin by vendor against bona fide purchaser).
Sale of stock of goods with privilege of resale at retail, but reserving title; held void as against attaching creditors of vendee. Loving Pub. Co. d. Johnson (Tex. 1887), 4 Southw. Rep. 532 (distinguishing Bank r. Tufts 63 Tex. 113, which was a sale of a specified chattel not intended to be resold).
Conflict of law.\ While it is true that in Pennsylvania conditional sales are void as against bona fide purchasers; if the purchase from the conditional vendee is entirely completed within the State of New Jer • sey, where such purchases are held subject to the superior title of the *192 conditional sale, such purchaser’s rights will be determined by the law of New Jersey, and he will take no title, although the conditional sale itself was completed in Pennsylvania, and as to the parties thereto, is governed by Pennsylvania law. Marvin Safe Co. v. Norton, 48 N. J. Law, 410; s. c., 7 Atlan. Rep. 418 (trover by vendor against purchaser from conditional vendee sustained).
Where the contract entered into in Rhode. Island contemplated that the engine sold should be taken into the State of Illinois to be used there, and it was there attached in the hands of the conditional vendee, it was held in an action of replevin by the vendor, brought against the-purchaser at sheriff’s sale, that its liability to attachment as the property of the conditional vendee was to be determined by the laws, of Illinois. Hervey v. Rhode I. Loc. Works, 93 U. S. 064.
(2.) Leases.
9
Notwithstanding the contract assumes the form of a lease it is. generally construed to be a conditional sale. Greer v. Church, 13 Bush, 430; Hine v. Roberts, 48 Conn. 267; Lucas v. Campbell, 88 Ill. 447.
A pretended lease of personal, property, the lessee to pay certain, sums in instalments, with interest, and to receive a conveyance when a stated amount shall have been paid, is, in legal effect, a conditional salé, and the title will pass when the conditions precedent are performed or waived. Gorham v. Holden, 79 Me. 317; s. c., 9 Atlan. Rep. 894; s. p., He Saint Germain v. Wind, (Wash. T.) 13 Pacif. Rep. 753.
In such a case the chattels so leased are not liable for the debts of the lessee. Miles v. Edsall (Mont.) 14 Pacif. Rep. 701 (replevin by owner against sheriff sustained).
If by a contract the owner of personal property “leases” it to another for a certain number of months in consideration of the latter’s doing certain labor for the former, not less than a certain amount per month for the same number of months, the lessee then to receive a clear receipt for the chattels, but agreeing, if he should fail to comply with the agreement, to surrender the property, the transaction is a conditional sale. The title to the property does not vest in the vendeeuntil he performs the agreement in full, and upon his failure to do the specified work for any one month, the vendor can recover the property without waiting for the expiration of the term specified. McGinnis v. Savage (W. Va. 1887), 1 Southeast. Rep. 746.
If the so called lease is silent- as to the chattel becoming the property of the lessee upon payment of all the “ rent,” parol evidence is-admissible to show that the parties so understood it. Singer Sewing *193 Mach. Co. ©. Holcomb, 40 Iowa, 33 (replevin by lessor against mortgagee from lessee).
Where a contract, in form a lease of railroad cars, the rent being: payable in three promissory notes maturing within four months, provided, further, that if the vendor should elect to retake the cars, which it reserved the right to do in default of payment, the property should be sold, and of the net amount realized from the sale, so much as should be needed to make the amount remaining due on the notes, should be retained by the vendor, and the surplus, if any, should be paid over to the railroad company, it was held that the contract was neither a lease nor a conditional sale; but an absolute sale reserving a lien by way of security, and the contract not having been recorded as required by 1 Wag. Stat. c. 35, art. 2, § 8, the lien was not enforeible against a purchaser at sheriff’s sale Under execution against the railroad company. Heryford v. Davis, 102 U. S. 235. Followed in Palmer v. Howard, 72 Cal. 293; s. c., 13 Pacif. Rep. 858.
In Campbell Printing Press, &c. Co. v. Oltrogge, 13 Daly, 247; the form of the contract was very ingeniously devised in order to evade-the statute as to filing. It provided in substance that the lessors let and hired to it, a printing press of a certain description for the term of' ten months, at the rate of $10 a month, payable on the 15th of each month, beginning November 15th, 1884;-the lessee, A., to furnish suitable and proper foundation for the press; that he was to keep it insured during the term in the sum of $800, depositing the policy with the lessors (plaintiffs); that at the expiration of the term he was to deliver up the possession of it to the lessors; and that, if default was made in the payment of any of the instalments, the lessors were to retake the press and enjoy it thereafter as though the agreement had never been made. The agreement further declared that the lessors agreed to sell A. a printing press of the same name, number and description, warranted to do the same and equally good work for the sum of $700, to be paid in monthly instalments of $60 each, payable on the 15th day of each month thereafter for the term of ten months, being the same days that the ten payments of ten dollars each were to be paid. The agreement then declared that when the whole amount provided for or the $700 should be paid, the lessors were to deliver to A. the last named press, boxed on'cars at their factory, for which the agreement says A. was to pay the sum of $100, and for the balance ($600) he was to give his notes payable, with legal interest, on the 15th of each month as before stated; and that, upon the payment of all these notes, the plaintiffs were to credit all rents paid for the press. This contract was held to be a conditional sale, disguised under the form- of a lease, and in replevin by lessors against a third person it was held that an order *194 sustaining a demurrer to an answer which set up want of filing as a defense, should be reversed.
Plaintiff sought to recover possession of certain personal property claimed by a third person under a “ furniture lease,” which was substantially as follows:
“This certifies that I [defendant] have received of [claimant] a certain quantity of furniture, which I am at liberty to use, keeping the same in good order. I have agreed to hire said furniture for the term of four and a half months, and pay the .sum of $296.25, as rent there for. It is further understood that I may at any time within said time, purchase said furniture by paying for the same the sum of- $296.25, as the price thereof.” The lease provided for the payment of a certain amount of rent monthly, and in default of payment, according to the contract, claimant was entitled to take immediate possession. Meld, to be a contract of hiring and not a conditional sale, and it was therefore not necessary to be registered in order to be valid against subsequent purchasers, etc., as it would if it were a conditional sale. M. C. Code, § 1275. Foreman y. Drake (N. C. 1887), 3 Southeast. Sep. 843.
The plaintiff delivered a piano to another, with a written agreement that the latter should pay a specified sum per month as rent, and that it would be sold for a specified price, and that the rent was to be paid until it amounted to the price asked, when the plaintiff would give a bill of sale. Meld, that no title , to the piano vested in the person renting it, before the full amount asked for it was paid. Kohler y. Hayes, 41 Gal. 455 (sustaining replevin by vendor against bona fide purchaser from vendee).
In.Illinois, a contract for the conditional sale of property, though in form a lease, is invalid as against creditors of the vendee. Murch v. Wright, 46 Ill. 487 (piano lease); Hervey v. Rhode I. Locom. Works, 93 U. S. 664 (engine lease); s. p., Lucas v. Campbell, 88 Ill. 447.
The Pennsylvania rule.] In Pennsylvania the law as to conditional sales is thus summarized by Judge Depub in the opinion delivered in Cole v. Berry, 42 N. J. Law, 308, 314, where he says:
“ In Pennsylvania a distinction is' taken between delivery under a bailment, with an option in the bailee to purchase at a named price, and a delivery under a contract of sale containing a reservation of title in the vendor until the contract price be paid; it being held that in the former instance property does not pass as in favor of creditors and purchasers of the bailee, but that in the latter instance delivery to the vendee subjects the property to execution at the suit of his creditors, and makes it transferable to bona fide purchasers. [Citing Chamberlain v. Smith, 44 Pa. St. 431; Rose v. Story, 1 Id. 190; Martin *195 v. Mathiot, 14 Serg. & R. 214; Haak v. Linderman, 64 Pa. St. 499. But this distinction is discredited by the great weight of authority, which puts possession under a conditional contract of sale and possession under a bailment on the same footing—liable to be assailed by creditors and purchasers for actual fraud, but not fraudulent per se.”
Plaintiff let to one B. two billiard tables for nine months, B. to use them at his place of business, pay a certain sum for their use and at the end of the term to re-deliver them, and if then B. had complied with the covenants of the agreement, plaintiff was to make him a bill of sale of the tables, the consideration for which was the sum to be paid for their use. Held, in replevin against purchaser from buyer, that this was a bailment for the use of the tables with a provision for sale in ■case of payment of the price. Rowe v. Sharp, 51 Pa. St. 26; followed in Wertz v. H. W. Collender Co. (Pa. 1887), 9 Atlan. Rep. 331; s. p., Clark o. Jack, 7 Watts, 375; Edward’s Appeal, 105 Pa. St. 103.
A. agreed to purchase certain patented machines from B. and gave notes for the same, which he agreed to pay. B. agreed to deliver a bill •of sale for the machines, and a license to use them, upon payment of the notes at maturity. In the meantime the machines were to be •delivered to A. but to remain the property of B., pending the payment of the notes in full, and, in the event of a default, sums paid on account were to be treated as rent for the machines. C., a judgment creditor of A., levied on the machines while they were in the latter’s possession, and subsequently bought them in at sheriff’s sale. Held, that this was a case of conditional sale on credit, followed by a delivery of possession with a provision to convert the sale into a bailment, if the price should not be paid, and that this provision was not sufficient to convert the contract into a bailment ah initio. Wire Book Sewing Machine Co. v. Crowell (Pa. 1887), 8 Atlan. Rep. 22.
Plaintiff agreed in writing to sell eighteen weaving looms to A. for $2,100, to be paid in four instalments of $525 each, with interest, on April 30, July 31, and October 27, 1880, and the fourth on January 27, 1881, the agreement providing for immediate delivery of the looms to A. for use by him in his business, and that upon payment of each instalment a bill of sale for so many of the looms as should be equal to the amount thereof should be given him, and that the looms should remain plaintiff’s property until paid for. Held, as against creditors that this was a conditional sale, and the looms could be sold on an execution against A. Eorrest v. Nelson, 108 Pa. 481.
See the opinion of Tilghman, Ch. J., in Martin v. Mathiot, 14 Serg. R. 214, for a terse statement of the views of the courts which have *196 pronounced such sales void as against innocent purchasers from and! creditors of the vendee
II. Rights and Remedies op Vendor.
(1) Dominion.
Right to increase.] When the property sold reserving title until payment of the price, was a mare, it was held that the vendor continued also to be the owner of the colts, brought by her, until performance of the condition. Buckmaster v. Smith, 22 Vt. 203 (trover by vendor against attaching creditor for mare and colt sustained).
Exchange of chattel]. If the contract of conditional sale provide-that the vendee may at any time exchange the property for other personal property with the assent of the vendor, and this is done with the prior or subsequent assent of the vendor, he may bring an action of. detinue for such property taken in exchange by the vendee, whenever he could have brought an action of detinue for the property conditionally sold. McGinnis v. Savage ( W. Va. 1887), 1 Southeast. Rep. 746.
No lien for advances.] The owner of a mule sold it, retaining title until the price was .paid. When all but $25 had been paid, the buyer asked the seller to consent to its being mortgaged to a merchant, and the^seller agreed to this on condition that the mortgagee agreed to pay the balance due him. The mortgagee failed without making payment, and being also further indebted to the seller of the mule for advances and supplies, in replevin by the seller,—Held that his right to recover possession of the mule terminated on the tender of the balance due him and payment of the costs to the date of tender, and that he had no lien upon the mule for the advances. Leflore v. Miller, 64 Miss. 204; s. c., 1 Southern Rep. 98.
(2) Action for price.
Where goods are sold upon credit, reserving title until payment of instalments, the purchaser agreeing, as part of the contract, to execute notes payable at future days for the purchase price, the seller is entitled upon the refusal of the purchaser to execute notes, to maintain 'an action therefor, and the measure of damages is the full price of the goods. Carnahan v. Hughes, 108 Ind. 225; s. c., 9 Northeast. Rep. 79 [citing Hays v. Weatherman, 14 Ind. 341; Clodfelter v. Hulett, 72 Id. 137; Barron v. Mullin, 21 Minn. 374; 2 Benj. on Sales, par. 1127.] Or, in such case, the seller may either treat the contract as broken and sue for damages, or regard it as subsisting and sue for each instalment as it *197 falls due. Clarke v. Dill (Pa. 1887), 11 Atlan. Rep. 82 (sustaining action for instalment due).
The defendant received of the plaintiff an organ, and signed and delivered to him the following agreement: “ The subscriber has this day rented of II. (plaintiff) one choral organ, during the payment of rent as herein agreed, for the full rent of $190, payable as follows: ■one melodeon, at- $50, as first payment, and one note for $140, with the understanding that if I shall have punctually paid all said rent I ■shall be entitled to a bill of sale of the organ, and if I fail to pay any -of said rent when due all my rights herein shall terminate, and said H. may take possession of said organ.” Held not to be a lease, but a ■conditional sale, and that the plaintiff could not recover upon the $140 note after the organ had been returned, because the consideration of the note was not the mere right to pay for and receive title to the ■organ, but the actual purchase and the acquisition of title as an .accomplished fact. Hine v. Roberts, 48 Conn. 267; s. p., Minneapolis, &c. Works v. Hally, 27 Minn. 495; s. c., 8 Northw. Rep. 597. See, also, Marvin Safe Co. v. Emanuel, ante, p. 181.
Effect of recovery of judgment for price.] The right of the vendor will not be affected by his recovering judgment against the vendee in an action for the price, the judgment remaining unsatisfied. Plaintiff sold B. a mule, the latter giving his note for it, to which was added this agreement: V This note is given for a mule, and the mule is bound
■or the title of the mule remains in A. (plaintiff) until he gets his money.” B. sold the mule to C., who in turn sold to D. without notice. A. having recovered judgment against B., brought replevin .against D. Held, that recovery of judgment on the note was not a waiver to right of replevin, although in this case, judgment for the plaintiff in the replevin suit was reversed on the ground that the reservation of title was invalid as against a bona fide purchaser. Vaughn v. Hopson, 10 Bush, 337. Citing Hilliard on Sales, p. 23.
Nor will the right of the conditional vendor to the property be .affected by the fact that previous to the judgment (unsatisfied) for the price having been recovered, the property was left by the vendee in the possession of the vendor, the latter refusing to receive it. Root v. Lord, 23 Vt. 568 (trover by vendee for the chattel). Said the court, Redfield, J.: “ The most which it could be claimed is implied in the judgment is, that the defendant had sold and delivered the cow; that is all which is requisite in order to sustain the action and recover the judgment. And this is no more than what the original contract stipulated,—no more than what existed from the time of the contract until the return of *198 the cow. And we do not think that during this time the defendant would have been precluded from maintaining an action for the price of the cow, or that a judgment would have vested the title absolutely in the plaintiff. The lien which the defendant retained upon the-cow is very little different, in effect, although somewhat different in form, from that of collateral security for a debt, by the way of the pledge or mortgage of personal property, and in such a case it was-never doubted that the creditor might pursue both the debt and the-pledge, until he obtained his security.”
See, also, Stants *. Hodges, Sill & Ben. 211.
III. Right to Retake.
Where the so-called “lease” gives the right to the lessor upon-default “ to take possession of the machine, and for that purpose to-enter the premises of the lessee, using such force as may be necessary in so doing,” the lessor has the right to dispossess the lessee. Smith v. Lozo, 42 Mich. 6; s. c., 3 Northw. Rep. 227 (judgment in a trespass-qua/re clausum fregit against agent of lessee, reversed).
Where a contract of conditional sale of a piano, payable in monthly' instalments, provided that the vendee, in default of any monthly payment, would redeliver the piano to the vendor within five days, or permit him or his agent to enter into and upon any premises where the-piano might be, and without let or hindrance take it away, the vendor is not liable in trespass to the vendee for removing the piano after default, after the five days have expired, even though, the agent obtains-entrance to the house where the piano is, without the consent of the-purchaser by a deception practised upon him, if no force is used. North v. Williams (Pa. 1888), 12 Centr. Rep. 369.
In such case it is not necessary for the agent to produce written! authority from his principal to remove. P>.
A provision that in case of default -the vendor may declare this-agreement void and take possession of the piano wherever found without, legal process, and retain payments made, as damages for non-performance,” etc., does not give the vendor the right of possession until he has exercised his right to declare the contract of sale terminated. Giddey v. Altman, 27 Mich. 206.
Tender of instalments paid,, on retahing property.] Fleck v. Warner, 25 Kan. 492. In an action of replevin to recover the possession, of an iron safe, delivered to the defendant upon a written contract reserving title until the payment of all the instalments of purchase money, and giving the vendor the right to retake upon default in payment, it is not error to exclude an offer on behalf to the defendant to- *199 prove that he offered, when demand was made on him for the safe, to surrender it if the money which he had already paid on it was refunded to him.
Valentine, J.—“There was nothing in the agreement between the parties which required that the plaintiff should pay or tender to the defendant anything, after default on the part of the defendant, before the plaintiff should be entitled to the possession of the property. Besides it would probably be inequitable that the plaintiff should pay back all that he had received from the defendant before being entitled to a return of the property; for the defendant, at the time this demand was made, had then had the use of the property for nearly one and one-half years. The plaintiff was entitled to the possession of the property without paying back anything to the defendant, and whether the defendant should ever receive anything back, or should be paid anything for what he had already paid to the plaintiff, is a question for further consideration. At the time of the demand the title to the property was in the plaintiff, and he also had the right to the possession thereof.”
It seems that a provision in the contract for forfeiture of payments made on default will not be enforced unless it is clear that the measure of damages thus stipulated is based upon an idea of just and adequate compensation. Johnston v. Whittemore, 27 Mich. 463, 470.
(4) Replevin.
Demand.] A demand made upon a servant who has merely the custody of goods, and his refusal to deliver them, will not support an action of replevin against the master. Goodwin v. Wertheimer, 99 N. Y. 149; s. c., 1 Northeast. Rep. 404 (affirming judgment of dismissal of complaint for lack of proof of demand).
Nor will demand upon the vendee’s wife be sufficient; and the mere fact that she had made all previous payments will not establish her agency to act for him in the matter of demand and refusal. Wheeler & Wilson Manufacturing Co. v. Teetzlaff, 53 Wis. 211; s. c., 13 Reporter, 511.
But when one undertaa.es to remove chattels from the possession of another, who refuses to allow him to do so, it is equivalent to a formal demand and refusal. Merriam v. Lynch, 53 Wis. 82; s. c., 10 Northw. Rep. 1 (not an instalment sale).
In such an action when the only thing in issue is whether demand was made, judgment awarding to the defendant a return of the chattel or its value is bad. Kirby v. Tompkins (Ark. 1887), 3 Southw. Rep. 363.
In an action of replevin to recover a chattel sold upon the condi *200 tion that a monthly royalty should be paid, the plaintiff under penalty of forfeiting the chattel, when the defendant upon demand made for the royalties and chattel, tendered his post-dated check, which was accepted by the plaintiff but not paid. Held, that this action, which was commenced without returning the check and without further demand, was properly dismissed. At the time of action the defendant was lawfully in possession. Smith v. Newland, 9 Hun, 653.
Surrender of notes before replevin. ] In an action of replevin of a sewing machine, which has been sold by plaintiffs to defendant by conditional sale, when the evidence showed that the plaintiffs were the owners and entitled to the possession' of the machine, and there was nothing in the agreement between the parties requiring the plaintiffs to give up the notes which had been given for part of the purchase money before they could resume' .possession of the property, held, that an instruction by the court to the jury that plaintiffs could not maintain the action without first surrendering, or offering to surrender, the notes, was erroneous. Kirby v. Tompkins (Ark. 1887), 3 Southw. Rep. 363.
In a case, where upon rescission the conditional vendor, before bringing replevin against a bona fide purchaser, tendered the instalments paid to his vendee, it was held that it was not error for the court to deny the defendant’s motion to compel the plaintiff to pay the money into court. Ketchum v. Brennan, 53 Miss. 596 (here the contract contained no provision for retaking the property upon default).
furden of proof.\ In an action of replevin by the conditional vendor against a bona fide purchaser from his vendee, to recover the property conditionally sold, the burden of proof is on the plaintiff to show the condition of the sale, and that it has not been complied with, so that his right to possession has accrued. Ketchum v. Brennan, 53 Miss. 596 (reversing judgment for plaintiff for insufficient proof of breach of condition).
Defendant, in an action for recovery of a billiard table, showed title, through a vendee of plaintiff under a conditional sale and lease, the time designated in which for the making of payments had expired. Plaintiff failed to show non-payment. Held, that defendant was entitled to the property. J. M. Brunswick & Balke Co. v. Tacoma Mill Co. ( Wash. Tm) 13 Pacif. Rep. 902.
Here the table, by the terms of the contract, was to be paid for within a .year. The case was submitted on an agreed statement of facts, which was silent on the question of payment. Held, no error to find for the defendant.
Where the vendee, in a contract of conditional sale, paid the instalments in full, but did not pay. the interest, and retained the property for *201 nearly ten years, without any demand for interest or claim of title on the part of the vendor, the condition as to payment of interest must be deemed to have been waived, and the title to have become absolute in the vendee.
So held in trover by seller against executor of buyer, who had sold it. Gorham v. Holden, 79 Me. 317; s. c., 9 Allan. Rep. 894.
(5) Trover.
Where one, without notice, purchases personal property on which there is valid recorded lien of a conditional vendee, and sells it, he is liable in an action of trover. Church v. McLeod, 58 Vt. 541; s. p., Baals v. Stewart, 109 Ind. 371; s. c., 9 Northeast Rep. 403.
And such third person is liable for conversion, although he acts in good faith and parts with the goods before demand. Carter v. King-man, 103 Mass. 517 (“ furniture lease ”).
If after the time for the payment of the price has expired, the price not being paid, a creditor of the conditional vendee attaches the property, he cannot defeat the vendor’s right to sustain an action of trover ■against him for the property, by tendering to him the amount which the vendee agreed to pay and interest thereon. Buckmaster v. Smith, 22 Vt. 203 (here the vendee had paid nothing on account).
Right of third person to recoup payments.] In an action against a .third person for a conversion of the chattel after payment of some of the instalments and a failure to pay the remainder, it is not error to -exclude an offer of the defendant to show that payments had been made on account for the purpose of reducing the damages, because in ■an action of trover the measure of damages is the whole value of the property, with interest from the time of the conversion. Angier v. Taunton Paper Co., 1 Gray, 621; followed in Colcord v. McDonald, 128 Mass. 470; s. p., Brown v. Haynes, 52 Me. 578 (conversion by vendor against third person). Stokes v. Balaam (Cal. 1887), 14 Pacif. Rep. 574.
But in an action of conversion against the vendee, it was held error to render a judgment for the full value of the property where payments had been made, notwithstanding a stipulation in the contract “ the payments that shall have been made may be retained to apply as «damages for the non-performance of this contract.” Johnston v. Whitemore, 27 Mich. 463, 470.
*202 III. Rights and Remedies op Vendee.
Delivery of possession under a conditional contract of sale of a. sewing machine, to be paid for in instalments, which stipulates that the goods shall remain the property of the vendor until the contract price be paid, will not pass title to the vendee until the condition be performed. So held, in an action of trespass against a constable for seizing and selling the machine' as the property of the vendee. Cole v. Berry, 42 N. J. Law, 308.
It vests him with a mere right to the use of the chattel until default in the stipulated payment. Herring v. Hoppock, 15 H. Y. 409 (conversion by vendor against sheriff and indemnifying creditor).
The conditional.vendee under an instalment sale has an interest in the chattel which he may convey, and which upon the performance-of the condition by him becomes an absolute title in his assignee. Currier v. Knapp, 117 Mass. 324. See also Day v. Bassett, 102 ld. 445.
No interest subject to levy vests in him under such a contract, however, until all the payments have been made. Sage v. Sleutz, 2$ Oh. St. 2, and cases cited above.
Eight to complete contract after 'default.] If after the purchase-money has become due and remains unpaid the vendee is still permitted to retain possession, and the vendor receives part payment, this is-an assent by the latter to delay, and a recognition of the vendee’sright to acquire title by payment of the residue of the purchase money. This right continues until a request made by the vendor for the balance. If he sells the chattel then without making such a request he is liable to the vendee in an action of conversion. Hutchings v. Hunger, 41 N. Y. 155.
— before default.] The purchaser may perfect his title to the property at any time by a tender of the price, although it is payable by instalments, and they are not all due. If the debt was payable with interest, the purchaser must pay interest up to the time of the maturity of the debt. So held in an action against the vendor by a purchaser from the vendee, before all the instalments were due, for the conversion of the chattel, the vendor having retaken the chattel, after such sale to purchaser, although the vendee after such retaking, had tendered the amount. Cushman v. Jewell, Y Hun, 525.
Eight to recover instalments.] When personal property is sold under a conditional contract, a part of the price paid and notes given, for the balance, under a contract that upon default in the payment of either note the property shall be returned to the seller with no provis *203 ion for the return of the payments made, and the vendor, on failure to pay the first note, takes possession of the property, with the consent of the purchaser, and surrenders his notes, there will be no rescission of the contract. The retaking of possession in such a case is but in accordance with the contract, and the vendor will not be liable-to refund the payments made to him. ¡So held ■ in an action by the purchaser to recover the amount paid by him. Latham v. Sumner, 89 111. 233.
In such a case even if the vendor were liable to refund payments-made, he would have the right to recoup or set off any damages sustained by him by the failure of the purchaser to perform the contract. Here he might recoup the value of the use of the instrument and any depreciation in its value growing out of its use. Ib.
Upon a sale of a canal boat by the defendant, payable in instalments, when the contract provided that upon default of payment of any‘instalment the contract might be declared void by the defendant and the boat re-taken by him, the purchaser, after paying up instalments promptly, transferred his interest in the contract to the plaintiff, who made no payments. Defendant having retaken the boat, he brought an action to recover the instalments paid by his assignor. A demurrer to the complaint for insufficiency was sustained. The court, Johnson, J., saying: “ The plaintiff cannot recover on the ground of his own breach of the agreement, and the contract does not provide for a re-payment of the money paid in part performance, in case of a rescission according to the stipulation of the contract. Nor will the law imply a promise in such a case. To allow the plaintiff to recover back the purchase money paid in a case like this, would be to offer an inducement to a purchaser to violate his agreement. It would give him the use of' the canal boat for a year without compensation, and put it wholly in his power to perform or not, at his pleasure.” Haynes v. Hart, 42 Barb. 58. [Citing Battle v. Rochester, 3 N. Y. 88].
A piano dealer agreed to sell to plaintiff a piano, upon the following-terms : Twenty-five dollars cash, and twenty-five dollars monthly until paid for, the agreement concluding: “In-case the said P. (plaintiff) fails to make any payment, as specified, at and from the time of such failure said W. (defendant) shall be entitled to the possession of said piano, and said agreement to sell said instrument shall become void.” The first payment and three subsequent payments of twenty-five dollars each were made. Upon default in the fifth payment the-defendant thereupon retook the piano with the plaintiff’s consent,, and gave the plaintiff his note for seventy dollars, payable on demand, with the following memorandum endorsed at the foot : “ This note is to be valid as part pay for a pianoforte of me at retail *204 price” (signed by defendant). In an action on this note it was held that the plaintiff was entitled to recover in spite of the stipulation as to payment, because by the terms of the agreement the contract of sale •was to become void upon default in any payment, and from the time •of taking possession the agreement for sale may be treated as void, or :more properly as terminated. “ The defendant having received one .hundred dollars of the plaintiff’s money, paid only in consideration of the proposed purchase, and having taken back the property which (Constituted the consideration, and having terminated the contract upon which it was paid, has so much of the plaintiff’s money in his .hands for which he should, account upon just and equitable principles. He would doubtless have the right to deduct from the amount a fair -compensation for the use of the piano during the period it remained in the plaintiff’s possession, as well as for any reduction in value from, .injury beyond that arising from its legitimate use, and for any inci■dental expenses in regaining possession.” Preston v. Whitney, 23 Mich. 260.
Where defendant contracted to give to the plaintiff a deed of land, ■upon his punctually paying certain sums of money by instalments, .some of which were paid, and the rest neglected, and the defendant .sold it to a stranger, it was held, that the plaintiff could not recover the instalments paid, because the non-performance of the contract was not ■caused by the defendant, nor the contract on his part waived or Rescinded. Rounds v. Baxter, 4 Greenleaf, 454.
2 If defendant covenants to sell to plaintiff, reserving title until the -chattel is paid for, and then sells to another, he is liable for breach of ■ covenant; trover will not lie in such a case. Moorhead v. Scofield, 111 Pa. 585; s. c., 2 Centr. Rep. 337 (reversing judgment for plaintiff In action for trover).
Rescission of contract by purchaser.] Where a sewing machine was .sold, to be paid for in instalments, but a different one sent to the buyer which did not work well and the agent promised to replace it with .another one, which he' afterwards refused to do, and on refusal of the purchaser to complete payments the agent replevins the machine without offering another one, held, that this was such an act as to authorize the purchaser to rescind the contract and recover back the payments made on the purchase. Howe Mach. Co. *. Willie, 85 111. 333 (affirming judgment for plaintiff in action for .money had and •.received).
Right to redeem after default.] Where the conditional vendor .received the chattel from a third person after default in the last payment, and the vendee having acquired back the rights of such third -person (his assignee), tendered the amount due, and demanded the *205 chattel, held, in replevin by vendee against vendor, that the vendee had' not forfeited his rights by mere failure to pay on the day named, and there being some evidence that the vendor had waived his right to.terminate the contract, judgment was rendered for the plaintiff. Deyoe v. Jamison, 33 Mich. 94.
IV. Filing and Registration.
In most of the States provision has been made for filing or recording these contracts of conditional sale in order to make them effective-against subsequent purchasers and mortgagees, in good faith.
The Hew York Statute on this subject (L. 1884, c. 315), provides as-follows:
§ 1. In every contract for the conditional sale of goods and chattels hereafter made, which shall be accompanied by an immediate' delivery and be followed by an actual and continued change of possession of the things contracted to be sold, all conditions and reservations which provide that the ownership of such goods and chattels is- to-remain in the person so contracting to sell the same, or other person than the one so contracting to buy them, until said goods or chattels are paid for, or until the occurring of any future event or contingency, shall be absolutely void as against subsequent purchasers and mortgagees in good faith, and as to them the sale shall be deemed absolute, unless such contract for sale with such conditions and reservations therein, or a true copy thereof, shall be filed as directed in the succeeding section of this act.
§ 2. This section relates to the place of filing which must be in the city or town where the purchaser resides; if he is not a resident of the State, then in the city or town where the property shall be at the-time of the execution of the contract. In the counties of Hew York and Kings the contract must be filed with the register. In other cities and towns of the State in which a county clerk’s,, office is kept, it - must be filed in the county clerk’s office; in each of the other towns of the State, in the office of the town clerk.
§ 8. This section provides in substance that such contracts shall, cease to be valid against subsequent purchasers or mortgagees in-good faith after the expiration of one year from the filing of such instrument, “ unless within thirty days, next preceding the expiration, of each and every term of one year after the filing of such instrument,, a true copy of such instrument, together with a statement exhibiting the interest of the person so contracting to sell such property, in the property thereby claimed by him by virtue thereof, shall be again filed, in the proper office.
§ 4. Relates to the duty of the clerk in filing.
*206 § 6. Provides for the manner of discharging such contracts.
§ 6. Excepts prior contracts from the operation of the act.
This act has been amended by L. 1885, c. 488, as follows:
• § 2. By providing that if the conditional vendee be a railroad company, the instrument shall be filed in the office of the clerk of ■each county through which its railroad is located, or, in counties where there is a register, in the office of the register, and such filing shall be deemed sufficient for all the purposes of this act.
§ 7. By exempting from the provisions of the act, conditional contracts for the sale of household goods, pianos, organs or scales, provided the contract for the sale of the same shall be executed in duplicate, and one duplicate shall be delivered to the purchaser. In such cases if the property is retaken by the vendor, it shall be retained by him for thirty days, during which time the purchaser, or his successor In interest, may fulfill such contract of purchase, and shall be entitled thereupon to receive such property. After the expiration of such time all interest of the purchaser of his successor in interest in such property lawfully re-taken under such contract shall cease.
This act has itself been amended by L. 1886, c. 495, by extending its provisions of exemption from the operation of the act of 1884, to ‘‘engines and boilers, portable saw-mills, and saw machines, threshing machines and horse-powers, mowing machines, reapers and harvesters, and grain-drills with their attachments,” in the same manner as to the execution of the contract in duplicate and redemption by the purchaser within thirty days after the property has been retaken by the vendor.
In whose favor such, acts operate.] Such a contract is not valid except as between the parties, unless filed in the office of the clerk of the city or village where the vendee lives, under Wis. R. S. § 2317; Rawson Manf’g Co. v. Richards, 69 Wis. 643; s. c., 35 Northw. Rep. 40 (affirming judgment for defendant in replevin against sheriff by vendor).
As between the parties a conditional sale is good without registration, under N. C. Code, § 1275, which applies only to creditors and purchasers for value. Butts v. Screws, 95 N. C. 215 (sustaining replevin by vendor against the purchaser where the contract was verbal, merely).
The statute invalidating the contract for failure to record, R. S. Mo. §§ 2505-2508, does not apply to antecedent creditors of vendee. Tufts v. Thompson, 22 Mo. App. 564; s. c., 4 West. Rep. 917.
Nor does it apply in favor of creditors whose debts were created prior to the sale. Defiance Mach. Works v. Trisler, 21 Mo. App. 69; s. c., 3 West. Rep. 180.
Unrecorded conditional sale, payable in instalments, is good as *207 against assignee for creditors. Warner v. Jameson, 52 Iowa, 70; S. c., 2 Northw. Rep. 951 (granting petition to take chattel from list of assets of insolvent estate); Shipman v. Graves, 41 Mich. 675; s. c., 3 Northw. Rep. 177 (goods forwarded for acceptance if satisfactory, but acceptance and payment unreasonably delayed).
Particular contracts.] N. 0. Code, § 1254, provides that no deed of trust or mortgage of real or personal property shall be valid against creditors but from the time of registration. Section 1275, provides that all conditional sales of personal property in which the title is retained by the bargainor, shall be reduced to writing and registered. Plaintiff sold to one of the defendants by a written contract certain goods, agreeing to take the notes of the defendant in pay therefor; the parties further agreeing that defendant should send to plaintiff all notes taken by him for any of the goods sold, and a list of all open accounts as collateral security for the notes; and all the goods as well as the proceeds are to be held in trust by “ defendant ” for the payment of the notes to plaintiff. Held, that the contract was not within the purview of the statutes, and did not require registration in order to be operative against creditors, because there is an absolute sale so far a the article is concerned. Chemical Co. v. Johnson, 98 N. C. 123. s. c., 3 Southeast. Rep. 723.
Neither the Florida act of January -30, 1838, nor that of January 8, 1853 (McClel. Dig. p. 765, §§ 1, 2) providing for the registration of instruments given ro secure a debt, requires that an agreement in writing to sell personal property, the title to which is reserved by the seller until payment of the price, shall be recorded. .The statute does not cover a case or require registration of an instrument where the debt is due to the person who is the owner of the property, and who reserves the title until the debt is paid. Campbell Printing Press & Manfg. Co. v. Walker, 22 Mia. 412 ; s.c., 1 South. Rep. 59 (replevin by vendor against vendee’s general assignee for creditors).
An agreement, which is evidently a mere device to evade the requirements of the statute concerning conditional sales, the transaction being designated by the parties as a lease, will be treated by the courts as a conditional sale, and if not filed, will not protect the seller or lessor against a purchaser in good faith from the lessee or buyer. Campbell Printing Press, &c. Co. v. Oltrogge, 13 Daly, 247 (reversing judgment in replevin by lessor against bona fide purchaser, the contract not being filed as required by L. 1884, c. 315.)
Instalment sales do not come within the provision of the laws for registration of chattel mortgages, in Arkansas, Blackwell v. Walker, 5 Fed. Rep. 419; Florida, Campbell Printing Press, &e. Co. v. Walker, *208 (above cited); Montana, Heinbockel v. Zugbaum, 5 Mont. 344: s. c., 5 Pacif. Rep. 897.
But they are by statute made invalid unless registered, in Iowa, Warner v. Jameson, 52 Iowa, 70; s. c., 2 Northw. Rep. 951; Budlong v. Cottrell, 64 Iowa, 234; s. c., 20 Northw. Rep. 167; Kentucky, Hart v. Barney Manfg. Co., 7 Red. Rep. 543; Minnesota, Dyer v, Thorstad, 35 Minn. 354; s. c., 29 Northw. Rep. 345; Missouri, Peet v. Spencer, 9O Mo. 384; s. c., 2 Southw. Rep. 434.
In Mississippi such sales are valid without registration unless separation of title and possession continues three years, and except that property be sold to a trader is liable to his creditors unless a sign be displayed showing its true ownership. Paine v. Hall’s Safe Lock Co., 64 Miss. 175; s. c., 1 South. Rep. 56.
Actual notice.] Where the contract was not filed until after an attachment had been levied by the sheriff, held, that as to the attaching creditors the ownership of the machines must, in the absence of actual notice of the terms of the contract, be presumed to have been in the vendor. Rawson Manf. Co. v. Richards, 69 Wise. 643; s. c., 35 Northw. Rep. 40.
In the absence of such filing, it is not error, in an action by the conditional vendor against a sheriff for levying an attachment, to submit to' the jury the question whether the defendant at the time of the levy had notice of such contract. But where the only evidence of such knowledge was that in executing the attachment a copy of the contract was found, it was held insufficient to defeat the attachment. Thomas v. Richards, 69 Wise. 671; s. c., 35 Northw. Rep. 42.
Actual or constructive notice of the sale is necessary to render it valid as against the purchaser for value, and if he has no such notice, it is immaterial that he might have known of it by the use of ordinary diligence. Moline Plow Co. v. Braden, 71 Iowa, 141; s. c., 32 Northw. Rep. 247 (reversing judgment in replevin in favor of vendor as against an intervening mortgagee, because of a finding by the jury that the intervener did not use ordinary diligence).
A contract for the sale of harvesting machines, by which the title was to remain in the vendor until the machines was paid for, was not filed as required by Wise. R. S. § 2317, until after an attachment had been levied by the sheriff. Held, that as to the attaching creditors, the. ownership of the machines must, in the absence of actual notice of the terms of the contract, be presumed to have been in the vendee. Raw-son Manfg. Co. v. Richards (above cited).
Refiling.] The affidavit of continuance of a chattel mortgage required by Wisc. Laws Or. c. 6, tit. 3, § 48, to be filed within thirty days next preceding the expiration of a year from the time of filing is unavailing, *209 if filed prior to the thirty days. J. I. Case Threshing Machine Co. v. Campbell, 14 Or. 460; s. c., 13 Pacif. Rep. 324; s. p., Kanaga v. Taylor, 7 Ch. St. 134.
The renewal on May 20, 1882, of a mortgage filed June 6, 1881, is made “within thirty days next preceding the expiration of the year ” from the filing, within How. St. Mich. § 6196. Burrill v. S. N. Wilcox Lumber Co. (Mich.) 32 Northw. Rep. 824.
Removal of property!] Where a mortgage is duly filed in the county where the mortgagor resides, and is constructive notice there, it will be constructive notice into whatever county the mortgagor may remove with the property. Coal v. Roche, (Neb.) 31 Northw. Rep. 367; s. p., Hoit v. Remick, 11 N. H. 285; Whitney v. Haygood, 6 Cush. 82; Barrows v. Turner, 50 Me. 127.
Where personal property mortgaged in one State is brought into, another State, the mortgagor continuing to reside in the first State, it is. not necessary, in order to secure the rights of the mortgagee, that the-mortgage should be recorded in Georgia. Peterson v. Kaigler, (Ga.) 3. Southeast. Rep. 655.
For a full statement of the principles which govern the rights of' the parties where mortgaged property has been taken from one State to another, see note to Kanaga v. Taylor, 70 Am. Dec. 66.

 The learned chief justice after reiterating the principle laid down-by the court upon the first appeal, continued :
“Appellant may argue that under such view of the contract he igremediless, and although the safe left his possession he is powerless tocolleet the price thereof, or enforce payment therefor. The answer to-this is that the obvious purpose of the agreement in question was not to enable the vendor to sue for the price of a safe actually sold. This-he might have done without any special agreement and could have-done if the agreement in question had not been made. The object of the instrument was to create a peculiar relation between the parties, so that the defendants might have possession and enjoyment of the safe- and at the same time the plaintiff retain title thereto, until such time as the price named was actually paid. In other words the design of the agreement was not to facilitate the plaintiff in his recovery of a, debt, but to authorize him, for his own security, at any time to resume possession. This he may, of course, do now, and furthermore, the defendants have undoubtedly refused to perform, on their part, a contract into which they regularly entered and are liable in damages for such breach of agreement. The measure of damages would not be the value or price of the safe, for that still belongs to the plaintiff, it would be the amount of plaintiff’s actual loss, as he was able to prove it under the ordinary rules of law.
As this action was brought, not for damages, but for the price of the safe on the theory that a sale had actually been made, the complaint was rightfully dismissed.”

 Leave was subsequently given to the defendant to go to the court •of appeals on the ground that a question of law is involved which ought •to be decided by the court of last resort.