### JOSEPH D. HIGGINS, Respondent, v. JOHN H. MURRAY, Appellant.

Defendant employed plaintiff to manufacture for him a set of circus tents, within a specified time, material to be furnished by plaintiff. No place of delivery or price was specified. Plaintiff performed, and thereafter was requested, by letter, to ship the tents to defendant at L. Plaintiff shipped them C. O. D., and they were destroyed by fire *en route*. In an action to recover their value, *held*, that defendant was liable; that the contract, being for labor and materials, was not within the statute of fraud; that defendant's liability did not depend upon the question as to where the technical title was, but was complete when the request to ship was made; that plaintiff had a lien upon the tents for the value of his labor and materials, and his retaining the lien, by shipping them C. O. D. was not inconsistent with, and did not affect, his right to enforce such liability.

Plaintiff forwarded the tents, marked to defendant at L., by steamboat to P. It did not appear but that was the usual mode of shipment to L. *Held*, that it could not be presumed that there was no connecting route; that the obligation was imposed upon the consignee at P. to forward by a connecting carrier; and that, as it did not appear that the loss was occasioned by plaintiff's negligence or fault in not properly shipping the goods, it was no defense.

(Argued April 2, 1878; decided April 9, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, upon a former appeal, 4 Hun, 565.)

· The referee found substantially the following facts : On or about the 27th day of April, 1873, the defendant requested the plaintiff to manufacture for him a set of circus tents of a specified kind and dimensions, which the plaintiff undertook to do in three weeks. In pursuance of said order the plaintiff manufactured the tents, and had them completed about the twenty-first day of May. On the 29th day of July, 1873, the defendant, by letter, directed said tents to be shipped to him at Bath, Maine, by freight, by boat or cars; thereafter the defendant, by letter, directed the plaintiff to ship them to Lewiston, Maine. Pursuant to such direction the plaintiff shipped said tents to the defendant at Lewiston, and took a bill of lading, subject to cash on delivery, of $1,395, the price of the tents. Defendant was to pay freight. The tents never reached the defendant at Lewiston, but were consumed by fire at Portland, Maine. They were forwarded by steamer to Portland, directed to defendant at Lewiston.

*S. T. Freeman*, for appellant. When the tents were destroyed, defendant never having received or accepted them, or been notified of their completion, the title to them remained in the plaintiff. (*Comfort* v. *Kiersted*, 26 Barb., 473; *Katterline* v. *Rice*, 26 id., 594; *Atkinson* v. *Bell*, 15 Eng. C. L., 216; *Andrews* v. *Durant*, 11 N. Y., 35; *Messmore* v. *N. Y. S. and L. Co.*, 40 id., 422; *Cook* v. *Millard*, 65 id., 352, 366; *Hyde* v. *Lathrop*, 3 Keyes, 601; *Coombs* v. *B. and E. R. Co.*, 3 H. & N., 510; *Hunt* v. *Hecht*, 8 Exch., 814.) No title could pass to defendant without plaintiff's consent. (*Baker* v. *Bourcicault*, 1 Daly, 24; *Benedict* v. *Field*, 16 N. Y., 596.)

*John W. Weed*, for respondent. Upon completion of the tents, in compliance with defendant's order, the contract was executed, and plaintiff became entitled to their value. (*Terry* v. *Wheeler*, 25 N. Y., 520, 524; *Pollen* v. *Leroy*, 30 id., 549, 554; *Lake O. R. R. Co.* v. *Mason*, 16 id., 451, 464; *Crookshank* v. *Burrell*, 18 J. R., 58.)

Church, Ch. J.　The action is not strictly for the sale of the article manufactured, but for work, labor, and materials, performed and used in its manufacture (*Mixer* v. *Howarth*, 21 Pick., 205); and hence is not within the statute of frauds. It is undisputed that the plaintiff performed his contract, and if the defendant had refused to take the tents, an action upon the agreement would have been sustained. (*Crookshank* v. *Burrell*, 18 J. R., 58.) There is some confusion in the authorities as to when the title passes to the purchaser in such cases. In *Andrews* v. *Durant* (11 N. Y., 35), Denio, J., lays down the rule, that in such a case " the title does not pass until the article is finished and delivered, or at least ready for delivery, and approved by such party ; " and there are other authorities to the same effect. (*Grippen* v. *N. Y. C. R. R.*, 40 N. Y., 36; *Comfort* v. *Kiersted*, 26 Barb., 473.)

It is urged in this case that the title did not pass, for two reasons : First. Because there was no acceptance ; and, second. Because the plaintiff shipped the property C. O. D., thereby refusing to deliver until the value was paid. This last ground was sustained in *Baker* v. *Boucicault* (1 Daly, 24), where certain cards were ordered to be sent to New Orleans, and were sent C. O. D., and lost at sea.

The important question to determine is when the liability of the defendant attached. If the article had burned during the progress of construction, it is clear that no action would lie, for the reason that the contract was an entirety, and until performed no liability would exist. And this rule, I apprehend, would apply when the contract is to make and deliver at a particular place, and loss ensues before delivery at the place, and for the same reason. But when the contract is fully performed, both as it respects the character of the article, and the delivery at the place agreed upon or implied, and the defendant is notified, or if a specific time is fixed, and the contract is performed within that time, upon general principles I am unable to perceive why the party making such a contract is not liable. One person agrees to

manufacture a wagon for another in thirty days for $100, and the other agrees to pay for it. The mechanic performs his contract. Is he not entitled to inforce the obligation against the other party, and if after such performance the wagon is destroyed without the fault of the mechanic, is the undischarged liability canceled? It does not depend upon where the technical title is, as in the sale of goods. It was upon this principle substantially that *Adlard* v. *Booth* (7 Car. & P., 108) was decided. The question was submitted to the jury whether the work of printing books was completed before the fire. Suppose, in this case, that the defendant had refused to accept a delivery of the tent, his liability would have been the same, although the title was not in him. The plaintiff had a lien upon the article for the value of his labor and materials, which was good as long as he retained possession. This was in the nature of a pledge or mortgage. Retaining the lien was not inconsistent with his right to inforce the liability for which this action was brought. That liability was complete when the request to ship was made by the defendant, and was not affected by complying with the request, nor by retaining the lien the same as when the request was made. As the article was shipped at the request of and for the benefit of the defendant (assuming that it was done in accordance with the directions), it follows that it was at his risk, and could not impair the right of the plaintiff to recover for the amount due him upon the performance of his contract.

If the plaintiff had agreed to deliver the tent in Lewiston, as a part of the contract for its manufacture, he could not have recovered anything; but this was not a part of the contract. Suppose the tent had reached Lewiston in good order, and the defendant had refused to accept or receive it, his liability would be clear and complete. As before stated, the point as to who had the title is not decisive. It may be admitted that the plaintiff retained the title as security for the debt, and yet the defendant was liable for the debt in a proper personal action. This is a case of misfortune where

one of the parties, without fault, must incur loss, and it seems to me very clear that the legal right is with the plaintiff. A point is made that the property was not properly shipped. It was directed to the defendant at Lewiston, and was forwarded to Portland on a steamer running to that place. It does not appear but that was the usual mode of shipment to Lewiston, and the deviation would impose the obligation upon the consignee at the latter place to forward the property by a connecting carrier. We cannot presume that there was no connecting route, and if we could it is difficult to see what else the plaintiff could have done. At all events it does not appear that the loss was occasioned by the defendant's negligence or fault in not properly shipping the goods.

The judgment must be affirmed.

All concur, except ALLEN and MILLER, JJ., absent.

Judgment affirmed.