Donnell v. Hearn.

in the view so clearly expressed by Judge McADAM in the court below (3 N. Y. Civ. Pro. 56).

---

JOHN F. DONNELL *et al.* Appellants, *against* GEORGE A. HEARN, JR., Respondent.

(Decided June 29th, 1883).

An agreement to manufacture lamps which are not usually kept in stock and are not usually manufactured for the purpose of sale is not a contract for the sale of goods within the *Statute of Frauds.*

Where an agreement to manufacture goods has been fully performed on the part of the manufacturer, but the other party refuses to accept them, an action may be maintained by the manufacturer for the price agreed upon; he is not restricted to an action for damages for non-acceptance.

APPEAL from a judgment of a district court in the city of New York.

The facts are stated in the opinion.

*William G. Alger,* for appellant.

*M. L. Townsend,* for respondent.

VAN BRUNT, J.—This was an action brought to recover the contract price of $185.00 agreed to be paid for seven bracket lamps to be manufactured by the plaintiff for the defendant.

The defenses were: first, that the contract was within the Statute of Frauds; and secondly, if it was not, that no action for the purchase price would lie.

This contract does not appear to have been within the Statute of Frauds. It was an agreement to manufacture lamps which were not usually kept in stock and were not

Donnell v. Hearn.

usually manufactured for the purposes of sale, and it is not within the principle of the cases defining the contracts which fall within the Statute of Frauds, but rather as in the case of *Higgins* v. *Murray* (73 N. Y. 252). Such a contract is to be considered as one for labor and materials, rather than for the sale of personal property as such.

It is further claimed upon the part of the defendant that an action for the purchase price will not lie, but that the action must be for damages for non-acceptance of the goods.

It is true that the language used by Judge DENIO in the case of *Andrews* v. *Durant* (11 N. Y. 35) seems to sustain this position, but the cases of *Bement* v. *Smith* (15 Wend. 493); *Crookshank* v. *Burrell* (18 Johns. 57); *Higgins* v. *Murray* (73 N. Y. 252), hold distinctly a contrary doctrine. In the case of *Crookshank* v. *Burrell* the contract was for the manufacture of a wagon, and a recovery was had for the purchase price. In the case of *Bement* v. *Smith*, the contract was for the manufacture of a carriage which the defendant refused to accept, and a recovery was had for the purchase price. The case of *Higgins* v. *Murray* perhaps does not decide the precise question, for the reason that, the place of delivery for the tents referred to in that case being New York, and there being an order to ship them to Lewiston, such an order might be considered as an acceptance of the tents so far as to authorize the manufacturer to sue for the purchase price; but the right of a manufacturer to sue for the purchase price, where the manufacturer has performed his contract and the defendant has refused to accept the thing manufactured, is distinctly recognized.

It is not necessary, upon this appeal, to examine the question as to whether the defendant in this action performed his contract.

The justice by his decision in favor of the plaintiff, in awarding damages to the amount of six cents, must have found, in order to justify such judgment, that the plaintiff had performed his part of the contract; and he seems to have misapplied the rule of damages relating to actions of this description.

It seems to be necessary, therefore, that the judgment should be reversed, in order that upon any re-trial of the question involved between these parties the proper rule of damages may be applied.

CHARLES P. DALY, Ch. J.—I concur. The contract was for work and labor, and the case of *Higgins* v. *Murray*, cited by Judge VAN BRUNT, is controlling on the point that acceptance is not necessary, if the contract was fully performed, to entitle the manufacturer to sue for the contract price.

Judgment reversed.