(9 Misc. Rep. 408.)

### FITZGERALD v. TIFFANY.

(Superior Court of Buffalo, General Term. July 5, 1894.)

STATUTE OF FRAUDS—PRINCIPAL DEBTOR.

Defendant refused to deliver certain clothes which one C. proposed to buy of him on credit, except on an order from defendant, who thereupon addressed a writing to plaintiff as follows: "Give bearer the clothes, and oblige." Plaintiff asked defendant if he had signed the order, and he replied that he had. Plaintiff then asked, "Will you pay for these clothes?" to which defendant replied, "Certainly, I will pay for them." Plaintiff then delivered the goods to C., and charged the price to defendant. *Held*, that defendant was liable as the principal debtor.

Appeal from municipal court.

Action by Patrick M. Fitzgerald against Wesley C. Tiffany. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

William Armstrong, for appellant.

E. N. Sackett, for respondent.

HATCH, J. Upon the trial, evidence was given tending to establish that one Conover engaged plaintiff to furnish the material, and make for him a suit of clothes. When the clothes were finished, Conover examined and approved of them, and asked for credit, which was refused. Thereupon, he proposed to obtain an order from defendant for their delivery, which was assented to by plaintiff. Conover then obtained this writing: "Buffalo, N. Y., Jany. 19th, 1888.   P. M. Fitzgerald:   Give bearer the clothes, and oblige." Plaintiff, not being satisfied with this, went to defendant, and asked him if he signed the order. Defendant replied that he did. Plaintiff then asked, "Will you pay for these clothes?" Defendant replied, "Certainly, I will pay for them." Plaintiff thereupon delivered the clothes to Conover, and charged in his book the purchase price to defendant. The effect of this transaction was to make defendant the principal debtor. The writing did not have the effect of creating any obligation against defendant, but that, coupled with his verbal promise to pay for the clothes, constituted a distinct, independent obligation upon his part to pay. Defendant did not undertake to pay if Conover made default. He became primarily liable, and the debt, as between plaintiff and Conover,. was extinguished; and plaintiff could not have maintained an action against him therefor, as it would be a complete defense to show that credit was never given to him, but to defendant. This fact distinguishes the contract from the one in Mallory v. Gillett, 21 N. Y. 412, and makes that case an authority for the rule here laid down. Id., 432. It is also in harmony with the other cases on the subject. Brown v. Weber, 38 N. Y. 190; Booth v. Eighmie, 60 N. Y. 240; Duffy v. Wunsch, 42 N. Y. 246. It has been held that whether the promise was original, so as to make the promisor liable as a primary debtor, was a question of fact. Cowdin v. Gottgetren, 55 N. Y. 650. The court below has, by its judgment, found that the obligation created was a substitute for any obligation existing against Conover, and the evidence warranted such finding. In whom vested the legal title to the clothes does not affect the question. The title may have been in Conover, as seems to be the law announced in Higgins v. Murray, 4 Hun, 565, and Donnell v. Hearn, 12 Daly, 230, or it may have been in plaintiff, as expressed in Higgins v. Murray, 73 N. Y. 352. An obligation existed, and it was entirely competent for defendant to assume that obligation, and, when he agreed to pay it, it became his debt, and the statute of frauds does not defeat a recovery upon the obligation thus assumed. Judgment appealed from should be affirmed, with costs. All concur.