(13 App. Div. 190.)

### ROOZEN v. CLONIN.

(Supreme Court, Appellate Division, Second Department. January 26, 1897.)

1. CONTRACTS—PRIMARY OBLIGATION—FINDING OF JURY.

The jury were authorized in finding that defendant's contract to pay the price of goods was primary, and not as a surety, where plaintiff testified that a third person had ordered the goods, but had afterwards made an assignment to defendant for the benefit of creditors, and that therefore he refused to fill the order; that defendant called, and asked what the bill would amount to, and, being informed, said to send them; "I will see you get paid;" and that defendant disputed the amount of the bill, but not the fact that he was to pay for what was ordered.

2. PROCESS—DESIGNATION OF PARTY—WORDS DESCRIPTIO PERSONÆ.

A summons issued against "C., as assignee of D.," is against defendant personally, and not against him in his official capacity, since the words "assignee of D." are merely descriptio personæ.

3. ASSIGNMENT FOR BENEFIT OF CREDITORS—POWERS OF ASSIGNEE.

An assignee for the benefit of creditors cannot charge the estate by guarantying payment of the price of goods ordered by the assignor before the assignment, though the delivery by the seller was induced by such guaranty.

Appeal from Queens county court.

Action by Bernard H. Roozen against James E. Clonin, as assignee for the benefit of creditors of Herman Dreyer, for goods sold

and delivered. There was a judgment for plaintiff, and defendant appealed. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Frederick P. Delafield and Benjamin A. Gould, Jr., for appellant. T. C. Kadien, for respondent.

HATCH, J. This action is brought to recover the purchase price of a quantity of flower bulbs delivered to one Herman Dreyer. The proof upon the trial tended to establish that Dreyer was engaged in business as a florist, near Woodside, in Long Island City, where he had growing plants and numerous articles of personal property used about the business. He also had a farm and greenhouses at Newtown, in the county of Queens. Prior to July 11, 1894, the sheriff levied upon plaintiff's property at Woodside to satisfy an execution issued upon a judgment against Dreyer, and on January 11th this property was sold at sheriff's sale, and was bid in by the defendant, Clonin. The sale included all the personal property at Woodside, and Clonin continued to hold the same until a short time prior to the general assignment by Dreyer, when he transferred this property to his partner, Messenger, and the latter carried on the business for the benefit of those interested until the property was entirely sold out. The property which is the subject of this action was sent by the plaintiff to Dreyer at Woodside, and, so far as appears, constituted a part of the property sold by Messenger. About two months after the sheriff's sale Dreyer made a general assignment for the benefit of creditors to Clonin. This assignment did not embrace the personal property at Woodside, and Clonin did not take possession thereof, but conducted business as assignee at Newtown. The evidence offered by plaintiff tended to establish that, after the sheriff's sale, and also after the assignment, Dreyer continued in Clonin's employ at Woodside, and also at Newtown. Prior to the assignment Dreyer had ordered of the plaintiff the bulbs and flowers for which this action is brought, but, learning of the former's financial difficulties, plaintiff refused to ship the goods. Thereupon Dreyer requested plaintiff to see Clonin, and they called upon him. Plaintiff's testimony is to the effect that, after he had explained the situation, Clonin said that "he would guaranty me the money for the goods if I would send them, and he asked me how much the goods came to, and I told him in the neighborhood of $200. * * * He said, 'I will see you get paid.' And on Mr. Clonin's order I sent the goods; otherwise, I would not have done so." The defendant's version of this transaction is that plaintiff came to him, and he asked, " 'What will the bill amount to?' He said, 'About $70.' I said, 'Send the goods along.' I did not tell him where to send them."

We think it is quite clear, if plaintiff's version be correct, that the legal effect of this transaction was to make Clonin individually liable for this debt; at least, the jury would be authorized so to find. It is true that the plaintiff states that Clonin guarantied the

payment of the money, and in its ordinary sense the word imports an undertaking by one person that another will fulfill an obligation. But we are to construe the word in connection with the circumstances surrounding its use. Here the plaintiff refused to sell to Dreyer; in fact, Dreyer had gone out of business, except as he acted for Clonin. The purchase, when made, was not for the benefit of Dreyer, but was for the benefit of the person who was carrying on the business. Plaintiff was not asking Clonin to guaranty that Dreyer would pay. He was asking pay for the goods if he shipped them, and the engagement of Clonin was not a guaranty that Dreyer would pay. Defendant does not so contend. It was a promise upon his part that he would pay. His order was absolute to send the goods, and it is clear that he understood that he was to pay. It was the amount of the bill that defendant disputed, not the fact that he was to pay for what he ordered. Upon the strength of this promise and order plaintiff shipped the goods. The jury would be authorized, therefore, to find that the engagement of the defendant was primary and personal to pay the purchase price of the goods. Fitzgerald v. Tiffany, 9 Misc. Rep. 408, 30 N. Y. Supp. 195, and cases cited.

We find no difficulty in sustaining this recovery upon this branch of the case. This is the only ground seriously argued for a reversal of the judgment. But we may not overlook the error which palpably appears upon the record, and which must result in the ordering of a new trial. The action was originally commenced in a justice's court. The summons which was issued by the justice is against "James E. Clonin, as Assignee of Herman Dreyer." The return of the justice is entitled against "James E. Clonin, as Assignee for the Benefit of Creditors of Herman Dreyer." The complaint was oral, for goods sold and delivered, and the answer was a general denial. Nothing appears in the return to show how the parties were designated in the complaint and answer, as the terms "plaintiff" and "defendant" are not recited to have been used therein, and no other designation appears except in the title. A bill of particulars was demanded and furnished, which is entitled "B. H. Roozen against James E. Clonin." All the other papers are entitled as being against the defendant "as assignee for the benefit of creditors of Herman Dreyer," and the judgment is in terms against the defendant "as assignee for the benefit of creditors of Herman Dreyer." Shortly after the trial began, and when some testimony had been taken, the defendant moved to dismiss the complaint upon the ground that the assignee only guarantied the payment of the goods, which he, as assignee, had no power to do. The motion was denied, and defendant excepted. The case was tried and submitted to the jury upon the theory that defendant was assignee for the benefit of creditors, and that the action was brought against him in his representative capacity, and that judgment might pass against him in that form. The questions submitted were whether he made an original promise to pay for the goods, or only guarantied to pay, and also whether he in fact purchased the goods which were sent.

The court was asked to charge "that an assignee, in such a capacity, has no power to give a guaranty." This was refused, and defendant excepted. The case, as entitled in the summons, was clearly not in a representative capacity. The words "as assignee of Herman Dreyer" are merely descriptio personæ. Merritt v. Seaman, 6 N. Y. 168; Litchfield v. Flint, 104 N. Y. 543, 11 N. E. 58.

The complaint does not show that the action was brought against Clonin in a representative capacity, while the bill of particulars shows that it was against him individually. The proof given upon the trial does not support a cause of action against him in a representative capacity. It is Clonin's personal liability, or nothing. The confusion arises out of the fact that he was assignee, and that the goods sold were of the kind which he held as assignee. But the promise to pay, if he made it, was not in a representative capacity. It was personal upon his part, and the jury would be so authorized to find. True, he says that what he did he did as assignee. But this is not conclusive, as a legal construction of what he did, or in what capacity he acted. As assignee he could not bind the assigned estate by an executory contract having no relation to the obligations of the assignor. Schmittler v. Simon, 101 N. Y. 554, 5 N. E. 452. But this fact does not prevent his incurring a personal liability where another has acted upon the faith of his promise and parted with value. Rogers v. Wendell, 7 N. Y. Supp. 781, and 8 N. Y. Supp. 515.

The court was asked to dismiss the complaint, and also to charge that he could not create liability against the estate by guarantying the payment of the goods. If the action be treated as against the defendant in a representative capacity, then the motion should have been granted, and the charge made. The record, as we have seen, does not clearly disclose in just what capacity the defendant is sued. But the theory of the trial, and the judgment entered upon the verdict rendered, clearly show that it was treated as being in a representative capacity. This was error, for which the judgment must be reversed. Although we reach this result, the plaintiff is not left remediless. It is still open to him to apply in the county court to amend the proceedings by striking out the representative capacity of the defendant, and leaving it to stand as an action against the defendant personally. This will make the subsequent proceedings correspond to the summons as originally issued, and there is no reason to think that, upon a proper application, relief will be denied to him in this respect.

The judgment should be reversed, and a new trial granted, with costs to abide the event, and with leave to plaintiff to move to amend in the county court. All concur.