Crew, J.
The law is well settled, in the absence of agreement to the contrary, that the delivery of goods to a common carrier, and especially *365 to one designated by the purchaser, for conveyance to him or to a place designated by him, constitutes a delivery to and receipt by the purchaser; and such delivery if in the usual course of business, or in pursuance of directions given by the purchaser, effects a transfer of .title to the property so delivered. In such cases the carrier is, in contemplation of law, the bailee of the person to whom and not by whom the goods are sent, the latter, in employing the carrier, being considered as the agent of the former for that purpose; Benjamin on Sales (7 Am. ed.), Section 181; Story on Sales (4 ed.), Section 306; 24 Am. & Eng. Éncy. Law, 1071, and cases there cited. When upon the sale of personal property in possession of the vendor the terms of sale have been agreed upon and assented to. by the parties, and the seller on his part has fully performed all things required of him by the terms of the contract, and only delivery remains to be made, the contract of sale between the parties is so far absolute that title to the subject-matter of the sale passes to the purchaser even though he be not entitled to possession of the goods purchased until he pays the consideration agreed upon. Judge Story in his work on Sales, at Section 300, states the law as follows: “Where the seller has performed all that is required of him by the terms of the contract, as to all of the goods, and delivery alone remains to be made, the property vests in the buyer, so as to subject him to the risk of any accident which may befall the subject-matter of the sale. It is not necessary for the seller to deliver the goods to the buyer, in order to transfer *366 the title, since the right of property does not depend upon the actual possession. Although, therefore, the seller has a right of lien upon them and cannot be forced to surrender possession until payment is made of the price, yet the goods may be, nevertheless, the property of the buyer.” The authorities in support of the principles above announced are so uniform and consistent that further citations seem unnecessary. Applying then, to the case in hand, these apparently well settled rules and principles, the sale of intoxicating liquors here in question must, we think, upon the agreed facts in this case, be held to have been made at Amsterdam, and not at Burton Station. The pertinent and essential principles of the law of sales which, applied to the agreed facts, must govern and control in the present case, are clearly and succinctly stated in Pilgreen v. State, 71 Ala., 368, a case directly in point. In that case a conviction was had under a statute making it unlawful to sell intoxicating liquors within five miles of certain churches in Columbiana. The defendant was a licensed liquor dealer doing business at Calera, twelve miles distant. He received by mail an order from one Dollar, requesting that he would send to him at Columbiana, a half gallon of whiskey by the Southern Express Company, marked C. O. D. The defendant filled the order at Calera, there delivered the whiskey to the express company and by the company it was delivered to Dollar at Columbiana, where he paid the price and all charges to the express company from whom the defendant received the price at Calera Upon these facts the supreme court held that Calera was *367 the place of sale. Brickell, C. J., delivering the opinion of the court said: “All dealings between buyer and seller were at Calera. There the offer of the buyer was received, accepted and acted upon, and there every act was done which it was intended the seller should do. The general property in the thing sold there passed to the buyer by delivery to the carrier of his own appointment, though he could not entitle himself to possession until he paid the price to the carrier. The carrier was his agent to receive the thing sold at Calera, and was the agent of the seller to receive the price. It would have been a neglect of duty as a collecting agent, rendering the express company liable to the seller, if there had been a delivery of the whiskey without payment of the price; and if possession had been wrongfully obtained, it may be the seller could have reclaimed it. The general property, however, passed to the buyer by the delivery to the express company at Calera; the risk of loss then passed to him though there may have remained in the seller a special property, and though the buyer could not, without payment of the price, entitle himself to the absolute property, and to the actual possession. * * * A sale, which will be in violation of the statute under which the conviction was had, must, within the designated locality, pass the title; a sale made in a different locality, where the liquor is set apart and delivered to the purchaser, or to a carrier for him, passing title, is not within its words or spirit.”
In State v. Intoxicating Liquors, E. C. Moffitt, Claimant, 73 Me., 278, the claimant, Moffitt. sent *368 an order to a firm in Boston, for whiskey to be forwarded to him by express C. O. D. at Winthrop, in the state of Maine. The whiskey was sent as ordered. Immediately upon its arrival, the package containing the whiskey was seized by the authorities as.liable to confiscation under the Maine liquor law. The claimant tendered the charges to the express company, and intervened in the legal-proceedings claiming the package. The court held he was entitled to it, and ordered it returned to him. In the opinion by Peters, J., it is said: “Undoubtedly the initials C. O. D. mean collect on delivery, or more fully stated, deliver upon payment of the charges due the seller for the price and the carrier for the carriage of the goods. These initials have acquired a fixed and determinate meaning which courts and juries may recognize from their general information. * * * Plere, then, was a sale of the property to the claimant, the price payable on delivery. * * * The title passed to the vendee when the bargain was struck. Any loss of the property by accident would have been his loss. The vendor had a lien on the goods for his price. The vendor could sue for the price, and the vendee upon tender of the price could sue for the property. * * * In this case both the seller and purchaser had a qualified right of possession, the seller upon the purchaser’s neglect or refusal to pay for the goods, and the buyer by paying for the same.” In the case at bar it appears from the agreed statement of facts that the sale in question was made upon a written order addressed to the seller, William Mullin, whose place of business was in the village of *369 Amsterdam. It was there that the offer of Dunn, the purchaser, was received, accepted and- acted upon. Upon receipt of the order, the beer ordered was set apart, and in accordance with the express directions of the purchaser, was delivered to and accepted by, a carrier of his selection, to be transported to him at Burton Station, he, as purchaser and consignee, to pay the cost of transportation. When the order sent by Dunn was received and acted upon by Mullin, and the property ordered had been delivered by him to the express company as requested by Dunn, the contract of sale was so far complete that title to the property passed to the purchaser, and a right of action accrued to the seller for the recovery of the purchase price. The mere fact that the goods were sent marked C. O. D. did not, in this case, constitute the express company the agent of Mullin for the purpose of making delivery to the purchaser at Burton Station, of the goods sold, for in contemplation of law, delivery had already been made at' Amsterdam. The express company, while undoubtedly the agent of Mullin to receive the price, was the agent of Dunn, the purchaser, to receive for him at Amsterdam, the property purchased. Hence, the sale was a sale at Amsterdam, and title to the property sold, there passed to the purchaser. Norris v. State, 25 Ohio St., 217; Commonwealth v. Fleming, 130 Pa. St., 138; Garbracht v. The Commonwealth, 96 Pa. St., 449; State v. Carl & Tobey, 43 Ark. 353; Black on Intoxicating Liquors, Section 434; Higgins v. Murray, 73 N. Y., 252; 1 Parsons on Contracts, Section 533.
The cases of State v. O’Neil, 58 Vt., 140, and *370 The Village of Bellefontaine v. Vassaux, 55 Ohio St., 323, are relied upon by counsel for plaintiff in error as supporting his contention that the sale of intoxicating liquors here in question, was a sale made at the place of destination and not at the place of shipment. Both of these cases, however, are, upon the controlling facts, clearly distinguishable from the present case. In State v. O’Neil, at the time the liquor was delivered to the express company for transportation, there was attached to the bill of said liquor as part of the contract of delivery, the following express written instructions : “Do not deliver the whole or any part of the goods accompanying this bill until you receive pay therefor. * * * If goods are refused, or parties cannot be found, notify the office from whence received with names and dates, and await further instructions.” The court in the opinion in that case, discussing the effect of such a delivery to the carrier, say: “Attached to the very body of the contract, and to the act of delivery to the carrier, was the condition of payment before delivery of possession to the consignee. With this condition unfulfilled and not waived, it would be impossible to say that a delivery to the carrier was intended by the consignor as a delivery to the consignee, or as a surrender of the legal- title. The goods were entrusted to the carrier to transport to the place of destination named, there to present them for acceptance to the consignee, and if he accepted them and paid the accompanying invoice and the transportation charges, to deliver them to him; otherwise, to notify the consignor and hold them subject to his order. It is difficult *371 to see how a seller could more positively and unequivocally express his intention not to relinquish his right of property or possession in goods until payment of the purchase price than by this method of shipment. We do not think the case is distinguishable in principle from that of a vendor who sends his clerk or agent to deliver the goods, or forwards them to, or makes them deliverable upon the o^der of, his agent, with instructions not to deliver them except on payment of the price, or performance of some other specified condition precedent by the vendee.” As showing that the case of Bellefontaine v. Vassaux does not support the contention of counsel for plaintiff in error, but is in entire harmony with the authorities above cited, we need only call attention to the first two clauses of the syllabus in that case; they read as follows: ‘T. The general rule is that title to goods intended to be transported passes from the vendor to the purchaser upon delivery by the former to a common carrier consigned to the purchaser, whether paid for or not. But if the vendor consigns the goods nominally to the purchaser, but actually in care of his own storekeeper, who is to retain them in control and give possession to the purchaser only on payment of the purchase price, then the delivery to the common carrier is not, in law, delivery to the purchaser. 2. Under such circumstances, the shipment being in effect to the vendor himself, the delivery; when it occurs, would be at the storehouse of the vendor; and the transaction would not be a completed sale at the point of shipment.” We are of opinion that upon the agreed facts, the judgment of conviction in the *372 present case was properly reversed by the circuit court and the defendant discharged.

Judgment affirmed.

Price, C. Si-iauck, Summers, Spear and Davis., JJ., concur.