(62 Misc. Rep. 466.)

STANDARD AUDIT CO. v. ROBOTHAM.

(Supreme Court, Appellate Term. March 5, 1909.)

1. PARTIES (§ 71*)—DESCRIPTION—REPRESENTATIVE CAPACITY.
    In an action against an assignee for the benefit of creditors, in order to determine whether the defendant is sued in his representative capacity, the title, allegations, and demand are to be considered as a whole.
    [Ed. Note.—For other cases, see Parties, Cent. Dig. § 113; Dec. Dig. § 71.*]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 253*)—CONTRACTS OF ASSIGNEE.
    An assignee for the benefit of creditors cannot bind the assigned estate by an executory contract having no relation to the obligation of the assignor; but this fact does not prevent his incurring a personal liability, where another has acted on the faith of the promise.
    [Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 796; Dec. Dig. § 253.*]

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 256*) — PROTECTION OF ESTATE—AUTHORITY OF ASSIGNEE.
    If, when an assignee is without funds, necessity arises for expenditures to protect the estate from spoliation, he may either make them himself,

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trusting to being allowed for them in the passing of his accounts, or he may resort to the court for authority to engage others to do it upon the credit of the fund.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 796; Dec. Dig. § 256.*]

**4. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 402*) — ACCOUNTING—OPERATION AND EFFECT—DISCHARGE OF CLAIMS.**

Plaintiff sued an assignee for benefit of creditors for services in rendering a statement of the account of his assignor. The assignee answered that he notified plaintiff of the settlement of his accounts and requested that plaintiff present the account to be settled, and alleged that the judgment settling his account discharged him from liability. *Held*, that the answer was demurrable, since it was not shown that he did not incur the debt as individual, in which case his discharge would be no defense, or that the contract was one which bound the assigned estate.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 1179; Dec. Dig. § 402.*]

Appeal from City Court of New York, Special Term.

Action by the Standard Audit Company against William H. Robotham for services. From a judgment sustaining a demurrer to defendant's defense, defendant appeals. Affirmed, with leave to amend.

Argued before GILDERSLEEVE, P. J., and MacLEAN, and DAYTON, JJ.

Gordon S. P. Kleeberg, for appellant.

Morris & Plante, for respondent.

MacLEAN, J. "In order to determine whether the defendants are sued in their representative capacity, the title, allegations, and demand are to be considered as a whole" (Williamson v. Stevens, 84 App. Div. 518, 524, 82 N. Y. Supp. 1047, 1051); and, so considering, it is apparent that the plaintiff declares against the defendant, as an individual, for work, labor, and services performed at his special instance and request. To the last separate defense of the defendant the plaintiff demurs on the ground that it is insufficient in law; and so it is, and so it has been adjudged by the court below. Claiming in that defense that the plaintiff was employed by him, in his capacity as assignee under a general assignment for the benefit of creditors, executed and filed by Albert H. Gross and Philip Kleeberg, copartners, to furnish him information concerning entries in the books of account of said firm, and to furnish schedules for presentation to the Supreme Court on his accounting, and that he notified the plaintiff of the proceedings for his discharge, requesting it to present any claim which it might have against the defendant for said services, and alleging that by judgment rendered therein he had been fully discharged from all claims and obligations therefor, he interposes no legal defense to the claim of the plaintiff. "True, he says that what he did he did as assignee; but this is not conclusive as a legal construction of what he did, or in what capacity he acted. As assignee he could not bind the assigned estate by an executory contract, having no relation to the obligations of the assignor. Schmittler v. Simon, 101 N. Y. 554, 5 N. E. 452, 54 Am. Rep. 737. But this fact does not prevent his incurring a personal lia-

---

*For other cases see same topic & § NUMBER in Dec. &. Am. Digs. 1907 to date, & Rep'r Indexes

bility where another has acted upon the faith of his promise" (Roozen v. Clonin, 13 App. Div. 190, 194, 43 N. Y. Supp. 395), because "the assignee derives all his power from the assignment, which is both the guide and measure of his duty. Beyond that, or outside of its terms, he is powerless and without authority." In the Matter of Lewis, 81 N. Y. 421, 424.

If without funds necessity arises for expenditures to protect the estate from spoliation, he may either make them himself, trusting to being allowed for them in the passing of his accounts, or he may resort to the court for authority to engage others to do it upon the credit of the fund. The defendant, however, by his pleading has not brought himself within such exception, and it may not be presumed in his behalf. The interlocutory judgment, sustaining the demurrer of the plaintiff to said defense of the defendant, must therefore be affirmed.

Interlocutory judgment affirmed, with costs; with leave to defendant to serve an amended answer, upon payment of the costs in this court and in the court below, within six days. All concur.